IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC TORRES, *individually;* and ERIC TORRES, )
*as next friend of* N.P., *a minor*; )
                                   )
       Plaintiffs, )
                                     )
v. )           Case No. 2:26-cv-1194-DLM-KRS
                                     )
CAYDEN HARMON, *a/k/a* Cayden Keen Harmon, )
*a/k/a* Cayden K Harmon; HANNING FARM, LLC, )
*a/k/a* Haning Farm, LLC, *d/b/a* Haning Double N. )
Ranch, LLC, *d/b/a* H&D, LLC; JAMES EDWARD )
TOTTEN; and JENNIFER WAIYUE KWAN, )
                                     )
       Defendants. )

## **JURISDICTIONAL ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal

("NOR") (Doc. 1), filed by Defendants James Edward Totten and Jennifer Waiyue Kwan ("the

Totten Defendants"). The Totten Defendants removed the state court complaint to this Court on

April 16, 2026, asserting federal court subject matter jurisdiction based on diversity of citizenship,

28 U.S.C. § 1332(a). "Federal courts 'have an independent obligation to determine whether

subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a

court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage

in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th

Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). As the parties asserting

federal jurisdiction, the Totten Defendants bear the burden of adequately pleading, and ultimately

proving, subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275

(D.N.M. 2018). Having considered the Totten Defendants' jurisdictional allegations in the NOR,

the applicable law, and being otherwise fully advised in the premises, the Court concludes that the NOR fails to allege sufficient facts to plausibly allege the Court has diversity jurisdiction over the state court complaint.

### *Background*

On March 10, 2026, Plaintiff Eric Torres filed a complaint on behalf of himself and N.P., a minor, in the Fifth Judicial District, Eddy County, New Mexico, alleging injuries and damages suffered by Torres and N.P. as a result of a traffic accident that occurred in New Mexico on or about January 12, 2024. (Doc. 3). The complaint alleges that the accident was caused by the negligence of Defendant Cayden Harmon, who was driving a white Ford F350 pickup truck owned by the Totten Defendants. The complaint further alleges that, at the time of the accident, Defendant Harmon was engaged in a business trip, running errands, or performing other authorized tasks in furtherance of Defendant Hanning Farm LLC's business. Plaintiffs have sued Harmon for negligence and gross negligence; the Totten Defendants for respondeat superior liability and negligent entrustment; and Hanning Farm, LLC for respondeat superior liability and negligent hiring, training, and supervision.

The Totten Defendants removed the state court complaint on April 16, 2026, and filed an answer on April 17, 2026. Defendants Harmon and Hanning Farm, LLC purportedly were served on March 24, 2026. *See* (Docs. 1-6, 1-7). But, as far as the Court can tell, neither Harmon nor Hanning Farm, LLC has yet to appear in the action. Despite those Defendants not yet having

appeared,[1] the Totten Defendants assert in the NOR that they both consent to the removal of this action. *See* (Doc. 1, ¶ 15).[2]

### *Discussion*

"Removal typically proceeds on jurisdictional allegations, not proof of jurisdictional facts. The defendant must provide in its notice of removal 'a short and plain statement of the grounds for removal.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at \*4 (10th Cir. June 26, 2023) (quoting 28 U.S.C. § 1446(a)). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (internal quotation marks and brackets omitted). Thus, "a defendant's notice of removal need include only a plausible allegation" of relevant jurisdictional facts. *Id*. at 88-89. Plausibility may turn on allegations in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020). To invoke diversity jurisdiction, the Totten Defendants must plausibly allege facts that show complete diversity of citizenship exists between the adverse parties and an amount in controversy exceeding $75,000. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

---

[1] It is not clear whether service on either Defendant Harmon or Defendant Hanning Farm, LLC was effective. *See* (Doc. 1-6 (unsworn return of summons with hand-printed name of server "Deputy Sheriff Ronnie," indicating that service was made on "Hanning Farm, LLC c/o Cayden Harmon," whose address is listed as 637 County Road 132, Stephenville, Texas, by leaving the summons and complaint with "Mrs. Harmon-Cayden[,] Harmon's mom, who said defendant Hanning of Hanning Farm was deceased," but "[t]his cannot be confirmed by this officer"); Doc. 1-7 (unsworn return of summons with hand-printed named of server "Ronnie Rush," indicating that service was made on "Cayden Harmon," whose address is listed as 637 County Road 132, Stephenville, Texas, by leaving the summons and complaint with "Mrs. Harmon[,] Cayden's mom," further indicating the summons and complaint were left with a "parent of Cayden Harmon," which is permitted "*when defendant is a minor or an incompetent person*")). If service on Defendants Harmon and Hanning Farm, LLC was effective, the responses of those Defendants to the complaint would be due, pursuant to NMRA, Rule 1-012, on or before April 23, 2026. If service was not effective, Plaintiffs may obtain federal summonses, which must be served within 90 days. *See* FED. R. CIV. P. 4(m).

[2] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served" at the time a notice of removal is filed "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Totten Defendants state that they have communicated with Hanning Farm, LLC's counsel to obtain that defendant's consent to removal (Doc. 1 at 3 n.1), but they do not explain the basis for their assertion that Defendant Harmon consents to the removal of this action.

### A.      Citizenship of Hanning Farm, LLC

The NOR plausibly alleges facts that indicate that Plaintiffs are domiciled in and citizens of New Mexico. (Doc. 1 ¶ 10). Thus, for there to be complete diversity, no defendant may be a citizen of New Mexico. *See Dutcher*, 733 F.3d at 987 (complete diversity means that no plaintiff may be a citizen of the same state as any defendant). Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). But under long established precedent, diversity jurisdiction in a suit by or against an association or entity other than a corporation depends on the citizenship of all the members of the entity. Accordiingly, a limited liability company such as Hanning Farm, LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018).

The NOR alleges that Defendant Hanning Farm, LLC is a "citizen[ ] of, and domiciled in the State of Texas, which is where [it] was served," and that Defendant Hanning Farm LLC "does not have any members who are citizens of, or domiciled in, the State of New Mexico." (Doc. 1 ¶ 14). These allegations are insufficient to plausibly allege the citizenship of Hanning Farm, LLC. The allegation that Hanning Farm, LLC is a citizen of, and domiciled in" Texas is not plausible in and of itself because it is conclusory.[3] "The party seeking the exercise of jurisdiction in his favor

---

[3] The allegation also does not make sense in that it uses the term domicile, which applies only to persons, not entities like Hanning Farm, LLC.

must allege in his pleading *the facts* essential to show jurisdiction." *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations and internal quotation marks omitted) (emphasis added). Mere conclusory allegations without supporting facts are to be ignored. *See Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) (a removing defendant must at least "state the facts upon which jurisdiction is based" (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) "[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.")))。

The additional allegation that Hanning Farm LLC "does not have any members who are citizens of, or domiciled in, the State of New Mexico," amounts to a negative allegation of jurisdiction, which also is insufficient. Such an allegation does not plausibly confer subject matter jurisdiction on this Court. *See BG11, Inc. v. Cheek,* No. 1:25-CV-554-KG-KRS, 2025 WL 2652832, at *2 (D.N.M. Sept. 16, 2025) ("Plaintiffs' additional allegation that none of the members of the two LLCs are citizens of California, Delaware, or Tennessee is also conclusory and thus insufficient." (citing *Winn v. Carlsbad Med. Ctr., LLC,* No. 14-CV-1113 JAP/SMV, 2015 WL 12830457, at *2 (D.N.M. July 16, 2015) (allegation that "no member of Defendant Pecos Valley has New Mexico citizenship" held insufficient))). The Totten Defendants add to their negative allegations of citizenship that their counsel "has conferred with [Defendant Hanning Farm, LLC's] counsel to confirm the citizenship of its members." (Doc. 1 a 3 n.1). But the Court cannot rely on counsel's "confirmation; the underlying facts must be disclosed. *See Cheek v. Wolfgang Puck Worldwide, Inc.,* No. 17-CV-01201-PAB, 2017 WL 2274551, at *2 n.2 (D. Colo. May 25, 2017) (noting that, "[w]hile various state legislatures have decided to permit the members of LLCs to

5

remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court" (quoting *U.S. Advisor, LLC v. Berkshire Prop. Advisors,* No. 09–cv–00697–PAB–CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009))). The NOR must identify the members of Hanning Farm, LLC, and provide the relevant facts demonstrating the state or states of each member's citizenship. *See id.* at *2 (finding diversity allegations insufficient where "Ritz–Carlton has not identified its members or the citizenship of those members").[4]

**B.     Amount in Controversy**

The NOR alleges that the amount in controversy requirement is satisfied because (1)"Plaintiffs claim they sustained severe physical injuries and substantial damages to Plaintiffs' vehicles"; (2) Plaintiff, Eric Torres, claims that he suffers from constant severe headaches, neck pain with spasms, bilateral shoulder pain, and lower back pain, as well as other parts of his body"; and (3) Plaintiff N.P. "is alleged to have suffered severe pain to his neck, right arm, and back, as well as other parts of his body." (Doc. 1 ¶ 24 (citing Complaint, ¶ 14)). "[T]he mere allegation that the plaintiff was 'seriously injured,'" however, is insufficient to establish the jurisdictional amount.

---

[4] *See also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (jurisdictional allegations held insufficient where the plaintiff alleged that "[e]ach member, each defendant, and each limited partner of the limited partner defendant are citizens of the Tennessee and Delaware," but "[t]he factual allegations underlying this conclusory assertion" were omitted); *Clinton Hampton, LLC v. ProCentury Ins. Co*., No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) ("Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, it fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members.") (internal citation omitted); *MPG Endeavors LLC v. Tygris Med. LLC*, No. 21-CV-02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members"); *Prospect Funding Holdings, LLC v. Fennell,* 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, ... the identity and citizenship of their members" in order to invoke diversity jurisdiction).

*Ransom v. Wal-Mart Stores, Inc*., 920 F. Supp. 176, 177-78 (M.D. Ga. 1996). If the rule were otherwise, "then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless." *Id*.[5]

The NOR also cites the categories of damages sought in the complaint. (Doc. 1 ¶ 25). But categories of damages for which the plaintiff seeks to recover by themselves do not satisfy the plausibility pleading standard. *See, e.g., Scott v. Bender*, 893 F. Supp. 2d 963, 970 (N.D. Ill. 2012) ("A party must do more than point to the theoretical availability of certain categories of damages. General assertions of damages, unsupported by any facts or evidence of specific injury, do not suffice." (internal quotation marks omitted)); *see also Hernandez*, 2011 WL 13284598, at *4 (finding that a plea for "various types of damages for an unspecified amount of money" was "insufficient for the Court to estimate, without resorting to speculation, what Plaintiff's claimed

---

[5] *See also Medina on behalf of Medina v. Wal-Mart Stores E., Inc*., No. CV 24-767 GBW/KRS, 2024 WL 5087557, at *2 (D.N.M. Dec. 12, 2024) ("While a defendant may refer to the substance and nature of the injuries and damages described in the pleadings to meet their burden, vague and general allegations may be insufficient grounds for the court to find, without resorting to speculation, that the amount in controversy has been satisfied." (internal quotation marks and citations omitted)); *Warner v. USAA Ins. Agency, Inc.,* No. CV 23-1323-JWD-EWD, 2023 WL 6542755, at *1 (M.D. La. Oct. 6, 2023) (holding that the plaintiff's "general allegations … of 'massive damage'" were insufficient to show more than $75,000 was at issue); *Romero-Palacios v. Warren Elec., LLC*, No. PE:21-CV-42-DC-DF, 2022 WL 508342, at *4 (W.D. Tex. Feb. 18, 2022) (holding that a general allegation that the plaintiff was injured in a motor vehicle accident was insufficient to assess the amount in controversy); *Grant v. Wal-Mart Stores E., LP,* Civil Action No. 5:14–CV–119 (MTT), 2014 WL 2930835, at *1 (M.D. Ga. June 27, 2014) (holding that it was not facially apparent from the complaint that the amount in controversy exceeded $75,000 where the complaint "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment'"); *Lambeth v. Peterbilt Motors Co*., Civil Action No. 12–0169–WS–N, 2012 WL 1712692, at *3 (S.D. Ala. May 15, 2012) ("While the back injury is characterized as 'serious,' nothing in the Complaint elaborates on the nature or severity of that injury, or otherwise lends substance or meaning to it. We simply do not know—or have any basis for inferring from the pleadings— anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain [the plaintiff's] work or life activities."); *Hernandez v. Safeco Ins. Co. of Am.,* No. CV 11-245 JP/CG, 2011 WL 13284598, at *3 (D.N.M. Sept. 8, 2011) ("general or vague allegations in a complaint of a 'serious' injury and resulting damages make it impossible for a court to determine whether the amount in controversy exceeds $75,000" (at 3-4, citing case law)).

damages amount to and whether those damages exceed $75,000"). Courts throughout the country agree on this point.[6]

Although the Court is permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements," *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010), "that is not an invitation to speculate as to whether the requisite amount in controversy is facially apparent," *Vail v. Smarterfuel S., LLC*, Civil Action No. 13–00277–KD–N, 2013 WL 5373525, at *6 (S.D. Ala. Sept. 25, 2013). *See, e.g., Warren*, 2025 WL 980081, at *11 ("the amount in controversy cannot be measured in a factual vacuum, and to extrapolate an amount in controversy exceeding $75,000 from the complaint's limited and generalized allegations and the minimal concrete evidence presented by Defendants would require impermissible speculation.").  If the allegations in the complaint are insufficient for the Totten Defendants to plausibly allege that more than $75,000 is in controversy, the Totten Defendants may offer evidence "outside of the complaint's allegations and prayers for relief." *Medina*, 2024 WL 5087557, at 3; *see also McPhail v. Deere &*

---

[6] *See, e.g., Warren v. Wild 1, Inc*., No. CV 24-00471-KD-B, 2025 WL 980081, at *11 (S.D. Ala. Mar. 13, 2025) ("Nothing in Warren's sparse allegations and generic list of unspecified damages makes it clear that the amount in controversy reaches the jurisdictional amount. Indeed, it is well-settled that vaguely listing categories of damage does not satisfy a removing defendant's burden of establishing the amount in controversy.") (internal quotation marks and citation omitted) (citing cases)), *report and recommendation adopted*, No. CV 24-00471-KD-B, 2025 WL 978398 (S.D. Ala. Mar. 31, 2025); *Gamboa v. Occidental Fire & Cas. Co. of N.C*., No. CV 23-5843, 2024 WL 147852, at *2 (E.D. La. Jan. 12, 2024) ("pleading general categories of damages, ... without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test" (internal quotation marks and citations omitted)); *Romero-Palacios,* 2022 WL 508342, at *4 ("Courts throughout the Fifth Circuit have routinely held that a complaint featuring only general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the [specific] amount of the damages sought, contains insufficient jurisdictional facts for the party invoking diversity jurisdiction to meet his burden of proving that the amount in controversy is satisfied under the first prong of the test." (internal quotation marks omitted) (quoting *Johnson v. Beale*, No. 18-961-BAJ-EWD, 2019 WL 2150399, at *4 n.33 (M.D. La. Apr. 24, 2019) (collecting cases), *report and recommendation adopted*, No. 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 15, 2019))).

*Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (in the absence of an explicit demand in the complaint for more than $75,000.00, or specific factual allegations from which an actual calculation can be performed, the removing defendant must show how much is in controversy through other means, such as "interrogatories or admissions in state court; … informal estimates or settlement demands[;] or …. evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands" (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006)).

**IT IS THEREFORE ORDERED** that, no later than **May 5, 2026,** the Totten Defendants shall show cause why the case should not be remanded to state court for lack of sufficient allegations concerning diversity of citizenship. The Totten Defendants may show cause by filing an Amended Notice of Removal alleging facts sufficient to show the existence of diversity jurisdiction, as set forth herein. Failure to do so may result in the undersigned recommending that this case be remanded to state court.

IT IS SO ORDERED this 21st day of April 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

9